**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 |
| PRODUCT(S): | : : : | |
| ELECTRONIC BRAKING SYSTEMS | : : | 21-cv-12000 21-cv-4402 |
| HYDRAULIC BRAKING SYSTEMS | : : : | 21-cv-12002 21-cv-4502 |
| This Document Relates to: | : : : | Hon. Sean F. Cox |
| ALL AUTOMOBILE DEALERSHIP ACTIONS | : : : : | |

**AUTOMOBILE DEALERSHIP PLAINTIFFS' MOTION TO AUTHORIZE DISSEMINATION OF CLASS NOTICE, AND CONDUCT HEARING FOR FINAL APPROVAL OF SETTLEMENTS AND APPLICATION FOR EXPENSES AND ATTORNEYS' FEES**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Automobile Dealership Plaintiffs move the Court for approval to disseminate class notice for a series of preliminarily approved settlements (the "Settlements") in the above matters, and to conduct a hearing for final approval of the Settlements and an application for an award of expenses and attorneys' fees.

In support of this Motion, Automobile Dealership Plaintiffs rely upon and incorporate by reference herein the facts and legal arguments set forth in the accompanying Memorandum of Law and the Declaration of Derek Smith.

The Automobile Dealership Plaintiffs and settling Defendants do **not** request a hearing for this motion. Pursuant to E.D. Mich. L.R. 7.1(a), counsel for Automobile Dealership Plaintiffs met and

conferred with Counsel for Defendants and provided a draft of the Motion and the accompanying memorandum and exhibits.  Defendants indicated that they do not oppose this Motion.

Dated: August 8, 2023

Respectfully submitted,

/s/ *Gerard Mantese*
Gerard V. Mantese
(Michigan Bar No. P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

**Interim Liaison Counsel for Dealership Plaintiffs**

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

Jonathan W. Cuneo
**CUNEO, GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
donbarrettpa@gmail.com

**Interim Co-Lead Class Counsel for Dealership Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311 |
| | : | |
| | : | |
| PRODUCT(S): | : | |
| | : | |
| ELECTRONIC BRAKING SYSTEMS | : | 21-cv-12000 |
| | : | 21-cv-4402 |
| | : | |
| HYDRAULIC BRAKING SYSTEMS | : | 21-cv-12002 |
| | : | 21-cv-4502 |
| | : | |
| | : | |
| This Document Relates to: | : | Hon. Sean F. Cox |
| ALL AUTOMOBILE DEALERSHIP | : | |
| ACTIONS | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF AUTOMOBILE DEALERSHIP PLAINTIFFS' MOTION TO AUTHORIZE DISSEMINATION OF CLASS NOTICE, AND TO CONDUCT HEARING FOR FINAL APPROVAL OF SETTLEMENTS AND APPLICATION FOR AN AWARD OF EXPENSES AND ATTORNEYS' FEES**

**Statement of the Issues Presented**

1.     Whether the Court should approve the notice plan proposed by the Automobile Dealer Plaintiffs for the fifth round of dealership settlements;

2.     Whether the Court should authorize Settlement Class Counsel to provide notice of the Settlement Agreements to Members of the Settlement Classes (as defined in the Settlement Agreements);[1] and

3.     Whether the Court should approve the proposed schedule for the notice plan and consideration of final approval of the fifth round of dealership settlements.

---

[1] Unless otherwise defined, capitalized terms shall have the meaning ascribed to them in the Settlement Agreements.

**Controlling or Most Appropriate Authorities**

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985).

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011).

**Table of Contents**

Introduction...............................................................................................................................1

Pertinent Procedural History ...................................................................................................1

      A.     Automobile Dealership Settlements with Certain Defendants.......................................1

      B.     Plan for Dissemination of Notice to Potential Members of the Settlement Classes....2

Argument ..................................................................................................................................3

      I.     The Court Should Approve the Form and Manner of Notice to the Automobile Dealer Settlement Class Members ..........................................................................3

            A.     Notice Standards and Requirements .......................................................................3

            B.     The Proposed Manner of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1)........................................................................................5

            C.     The Proposed Form of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) .......................................................................................6

      II.    The Proposed Notices Provide Class Members With Sufficient Information About the Details of the Settlements...................................................................................6

            A.     Plans of Allocation...............................................................................................7

            B.     Costs and Attorneys' Fees ....................................................................................8

      III.   The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines..........................................................9

**Table of Authorities**

## Cases

*Berland v. Mack*, 48 F.R.D. 121 (S.D. N.Y. 1969) ........................................................................ 4

*Carlough v. Amchem Prods.*, 158 F.R.D. 314 (E.D. Pa. 1993) ....................................................... 4

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) .................... 3, 4, 5, 6

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) ................................................................................. 4

*Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975) ................................................... 4

*In re Air Cargo Shipping Serv. Litig.*, No. 06-MD-1775 (JG)(VVP), 2011 WL 2909162
(E.D. N.Y., Jul. 15, 2011) ......................................................................................................... 8

*In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987) ........................................... 7

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483 (E.D. Mich. 2008) ............ 8

*In re Diet Drugs Prod. Liab. Litig.*, Civil Action No. 99-20593, 2002 WL 32154197
(E.D. Pa., Oct. 3, 2002) ............................................................................................................ 9

*In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534 (N.D. Ga. 1992) ............................... 4

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519
(E.D. Mich. Feb. 22, 2011) ...................................................................................................... 7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 2d 450 (D. N.J. 1997) ......... 6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362 (S.D. N.Y. 1996) ............................. 4

*In re Southeastern Milk Antitrust Litig.*, Master File No. 2:08-MD-1000, 2013 WL 2155379
(E.D. Tenn. May 17, 2013) ....................................................................................................... 7

*In re Sterling Foster & Company, Inc. Sec. Litig.*, 238 F. Supp. 2d 480 (E.D. N.Y. 2002) ............. 9

*In re Washington Public Power Supply System Sec. Litig.*, MDL No. 551, 1988 WL 158947 (W.D. Wash.
July 28, 1988) ........................................................................................................................... 7

*Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 2009 WL 1228443 (D. N.J. April 30, 2009) ............. 5

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) .............. 4

*Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483 (D.C. Cir. 1992) .......................................... 3

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ............ 4

*Weigner v. The City of New York*, 852 F.2d 646 (2d Cir. 1988) ........................................................ 4

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................................ 4, 6

Fed. R. Civ. P. 23(b)(3) ..................................................................................................................... 3

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................................... 2, 3, 5, 6

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii) ................................................................................................... 6

Fed. R. Civ. P. 23(c)(3) ..................................................................................................................... 6

Fed. R. Civ. P. 23(e)(1) ............................................................................................................... 3, 5, 6

Fed. R. Civ. P. 23(h) ......................................................................................................................... 8

**Other**

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.311 (2004) ................................................... 4

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.312 (2004) ................................................... 7

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.633 (2004) ................................................... 6

## Introduction

The Automobile Dealership Plaintiffs ("Dealership Plaintiffs") respectfully submit this Memorandum in support of their motion seeking Court approval to disseminate class notice for a series of preliminarily approved settlements (the "Settlements") in the cases noted above, to conduct a hearing for final approval of the Settlements, and for an application for an award of expenses, attorneys' fees, and class representative service awards. The settlements here constitute the fifth round ("Round Five") of Dealership Plaintiffs settlements in this MDL. If these settlements receive final approval, the Dealership Plaintiffs' claims in this litigation will be concluded.

With the Court's consent, the Dealership Plaintiffs deferred providing notice of the Settlements to class members. The interests of economy were better served by deferring notice and final approval until more settlements were reached. The Round Five Settlements now warrant the dissemination of notice and consideration of final approval because these defendants were the last parties against whom the Dealership Plaintiffs had claims. Dealership Plaintiffs believe that notice should be issued, and the final approval process should be started.

Dealership Plaintiffs move the Court to approve the form and plan for dissemination of notice to the Dealership Plaintiff settlement classes. At a final approval hearing, the Dealership Plaintiffs will ask the Court to consider: (1) the fairness, reasonableness, and adequacy of the Settlements; (2) a request for a reimbursement of incurred litigation expenses; and (3) a request for an award of attorneys' fees.

### Pertinent Procedural History

**A.      Automobile Dealership Settlements with Certain Defendants.**

The Round Five Settlements at issue in this motion total approximately $948,000. The Court has granted preliminary approval to the Dealership Plaintiffs' settlements with the following Defendants:

1

| Defendant | Case Number | Case Name / Parts |
|---|---|---|
| Robert Bosch GmbH; Robert Bosch LLC | 21-cv-12000 21-cv-4402 21-cv-12002 21-cv-4502 | Hydraulic Braking Systems; Electronic Braking Systems |
| ZF TRW Automotive Holding Corp.; ZF Friedrichshafen AG; Lucas Automotive GmbH[2] | 21-cv-12002 21-cv-4502 | Hydraulic Braking Systems |

For each of the foregoing Settlements, the Court approved the Dealership Plaintiffs' proposal to defer providing notice until a later time. It is appropriate to commence the notice process under Rule 23(c)(2)(B) and to conduct a final approval hearing for these Round Five Settlements.

**B.    Plan for Dissemination of Notice to Potential Members of the Settlement Classes.**

The Settlements provide cash benefits to automobile dealerships that purchased certain parts and/or purchased new vehicles containing those parts in jurisdictions that the Dealership Plaintiffs contend allow antitrust indirect purchasers to seek money damages: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Included States").

Dealership Plaintiffs retained KCC Class Action Services ("KCC"),[3] an experienced class-notice consultant, to design and implement the notice plan. The notice consultant obtained a list of approximately 69,000 email addresses associated with dealerships in the Included States. *See* Declaration of Derek Smith ("Smith Decl.") ¶ 33. To provide notice of these Settlements to potential

---

[2] As the successor in interest into which TRW KFZ Ausrüstung GmbH merged.

[3] Gilardi & Co. was acquired by KCC Class Action Services and the same people who previously assisted the Dealership Plaintiffs continue to do so at KCC.

2

class members, Dealership Plaintiffs propose a multi-faceted notice program intended to provide the best notice practicable under the circumstances. KCC has proposed a notice plan that includes:

- Direct notice via email to all new car automobile dealerships in the Indirect Purchaser States for whom an electronic email address is available (approximately 69,000);

- Earned media efforts through the settlement web site, www.AutoDealerSettlement.com; and

- Establishment of a toll-free telephone number to provide an informative interactive voice recording regarding the settlements.

*See* Smith Decl. ¶ 32.  This notice plan benefits from and builds upon the notice plans approved by the Court for the first four rounds of Dealership Plaintiffs settlements.  This comprehensive notice plan will reach more than 90 percent of the potential class members in the Included States, a reach of notice commensurate with previously court-approved noticing efforts.  *Id.* at ¶ 38.

## Argument

### I.   The Court Should Approve the Form and Manner of Notice to the Automobile Dealer Settlement Class Members.

Fed. R. Civ. P. 23(e)(1)(B) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." For Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

#### A.   Notice Standards and Requirements.

The purpose of notice in a class action is to "afford members of the class due process, which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74, 94 S. Ct. 2140, 40 L. Ed. 2d 732, (1974)). Due process requires that absent class members be provided the best

notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to opt out or object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985).

The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.311, at 288 (2004) ("MANUAL"). The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975). Each class member need not receive actual notice for the due-process standard to be met, "so long as class counsel acted reasonably in selecting means likely to inform persons affected." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D. N.Y. 1996).

Where names and addresses of known or potential class members are reasonably available, direct-mail notice should be provided. *See, e.g., Eisen*, 417 U.S. at 175-76; MANUAL, § 21.311, at 292. If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due-process clause and Rule 23. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *Carlough v. Amchem Prods.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993).

Due process is satisfied even if all class members do not receive actual notice, as long as the plan was reasonably likely to inform the persons affected. *See, e.g., Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Whether a notice dissemination plan is reasonable is a function of the plan's anticipated results. *In re Domestic Air Transp.*, 141 F.R.D. at 539. *See also Berland v. Mack*, 48 F.R.D. 121, 129-30 (S.D. N.Y. 1969).

### B.    The Proposed Manner of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1).

Dealership Plaintiffs propose providing notice through several different channels. A summary form of notice (the "Email Notice") will be sent by email to addresses associated with dealers in the Included States. *See* Smith Decl. Ex. 1 (prior claimants) and Ex. 2 (potential new claimants). The Email Notice will direct recipients to the Settlement Website for additional information. The Settlement Website provides the definitions of the Settlement Classes, a detailed description of the Settlements, the settlement agreements, and a long-form notice. *See* Smith Decl. Ex. 3. The Settlement Website describes the options for participating in, seeking exclusion from, or objecting to the Settlements. The Settlement Website will also display, as the relevant information becomes available: (1) information about the proposed methods for allocating the settlement funds (the "Plans of Allocation"); (2) deadlines and Proof of Claim forms; (3) relevant court documents and filings; and (4) updates on the status of Court approval. The notices and the Settlement Website also provide a toll-free telephone number that can be called for assistance or more information.

The methods of notice proposed here are the best available under the circumstances. The proposed methods are well-designed to reach potential Settlement Class members and to comply with due process. The proposed notice plan will utilize cost-effective and efficient means to reach what is estimated to be over 90 percent of the Settlement Class members to preserve as much of the settlement funds as possible.  *See* Smith Decl. ¶¶ 26, 38. More than 90 percent "reach" for these potential class members far exceeds due process requirements. *See, e.g., Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 2009 WL 1228443, at *11 (D. N.J. April 30, 2009). The "reach" of the notice proposed here far exceeds notice reach approved in other cases.  *Id.* at *12.  ("No case stands for the proposition that a publication notice reach of 49-53 percent is disallowed") The Court should preliminarily approve the Dealership Plaintiffs' proposed notice plan and should allow the notice process to begin.

C. **The Proposed Form of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1).**

The content of a class action settlement notice "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

The long-form Notice posted on the Settlement Website and short-form Email Notices are drafted in the "plain language" format preferred by federal courts and provide the information required by Rule 23. *See* Smith Decl. Exs. 1-3. The notices were drafted with assistance from KCC, a well-regarded class action notice expert. KCC believes that these notices are understandable and compliant with due process. *Id.* ¶¶ 33, 36. These notices are like those approved by the Court in the first four rounds of Dealership Plaintiffs settlements (about which no objections were made). The notices satisfy the content requirements of Federal Rule of Civil Procedure 23. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 496 (D. N.J. 1997); MANUAL at § 21.633. At final approval, the Dealership Plaintiffs will show that the form and content of the notices, together with the manners of dissemination, were reasonably calculated to reach the members of the Settlement Classes and were the best form of notice available under the circumstances, in satisfaction of federal law and due process.

II. **The Proposed Notices Provide Class Members with Sufficient Information About the Details of the Settlements.**

The notice plan also provides potential members of the Settlement Classes with information about the benefits available under the Settlements, their options, and the attorneys' fees and costs that

may be requested at final approval. The notices also direct dealerships to the plans of allocation that have been approved by the Court or which will be submitted for consideration.

A.      **Plans of Allocation**

For the parts at issue in Round Five Settlements, the notice plan will advise Settlement Class members that information about the new Plans of Allocation will be published on the Settlement Website. Dealership Plaintiffs do not, in this motion, ask the Court to approve the new Plans of Allocation and the Court may grant final approval before approving a plan of allocation. *See, e.g.,* MANUAL § 21.312 ("Often . . . the . . . details of allocation and distribution are not established until after the settlement is approved"); *In re Southeastern Milk Antitrust Litig.*, Master File No. 2:08-MD-1000, 2013 WL 2155379, at *3 (E.D. Tenn. May 17, 2013) (district court gave final approval to a settlement without a plan of allocation, noting that "[o]nce the claim processing procedure is completed, plaintiffs will submit a proposed plan of allocation of the settlement proceeds for the Court's approval"); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *2, *17 (E.D. Mich. Feb. 22, 2011) ("Class Counsel explained at the Fairness Hearing that the final plan of allocation was not included in the original Notice in part because of the potential for additional settlements with other Defendants which may affect the final plan of allocation," and finally approving the settlements that were presented, retaining jurisdiction to, among other things, "enter[] any Orders or conduct[] any hearings in connection with any final plan of distribution or claims submission process"). *See also In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d Cir. 1987) ("To impose an absolute requirement that a hearing on the fairness of a settlement follow adoption of a distribution plan would immensely complicate settlement negotiations and might so overburden the parties and the district court as to prevent either task from being accomplished"); *In re Washington Public Power Supply System Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) ("Such deferral of allocation decisions is routinely followed in partial settlements where the appropriate

7

allocation among class members can best be determined when further settlements have been achieved or the litigation is completely resolved.").

Information about how the settlement money will be allocated through new Plans of Allocation will be published after Dealership Plaintiffs receive Court approval about how the proceeds of those Settlements will be allocated to (1) dealers who purchased vehicle models that were subject to alleged collusion on bids for component parts, (2) dealers who purchased vehicles from manufacturers of vehicles allegedly affected by collusion on bids for component parts, and (3) dealers who purchased allegedly affected component parts manufactured by the Settling Defendants or their alleged co-conspirators. Dealership Plaintiffs will propose Plans of Allocation that use a point system similar to the Plans of Allocation previously approved by the Court.

### B. Costs and Attorneys' Fees

Counsel for the Dealership Plaintiffs will seek reimbursement of certain litigation expenses already incurred during the course of the litigation of the cases involved in the Settlements. *See, e.g.*, Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and untaxable costs that are authorized by law or by the parties' agreement"); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008) ("Under the common fund doctrine, class counsel are entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." (citation and internal quotation marks omitted)).

The notice plan also provides notice that counsel for the Dealership Plaintiffs intend to request an award of attorneys' fees and expenses as part of the final approval process. The Court may award attorneys' fees and expenses before the litigation is concluded. *See In re Air Cargo Shipping Serv. Litig.*, No. 06-md-1775 (JG) (VVP), 2011 WL 2909162, at *5-7 (E.D. N.Y., Jul. 15, 2011) (interim award

granted); *In re Sterling Foster & Company, Inc. Sec. Litig.*, 238 F. Supp. 2d 480, 484-85, 489-90 (E.D. N.Y. 2002) (interim attorneys' fees awarded). Counsel for the Dealership Plaintiffs have litigated these cases for more than eleven years and will continue to vigorously represent the interests of dealerships until conclusion. *See In re Diet Drugs Prod. Liab. Litig.*, Civil Action No. 99-20593, 2002 WL 32154197, at *12 (E.D. Pa., Oct. 3, 2002) (awarding an interim fee after four years of litigation and noting "to make them wait any longer for at least some award would be grossly unfair").

**III.    The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines.**

Dealership Plaintiffs respectfully request that the Court hold a single final approval hearing in connection with the Settlements. At the hearing, the Court should consider: whether the Settlements are fair, reasonable, and adequate; and whether to approve a request for attorneys' fees and reimbursement of litigation expenses.

The proposed order sets out the method and timing of requests for exclusion and for submitting any objections to the Settlements. The proposed order submitted with this motion provides placeholders for dates and deadlines to bring these settlements to conclusion. The Dealership Plaintiffs propose the following schedule:

| DATE | EVENT |
|---|---|
| Within 21 days from order directing notice | Settlement Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan |
| 60 days after the commencement of Notice | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing |
| 14 days before deadline to request exclusion or object to settlement | Co-Lead Counsel shall file and post on the Settlement website any motion for attorneys' fees or reimbursement of expenses |
| 14 days before the Final Settlement Fairness Hearing | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, as well as responses to any objections to the proposed Settlement |

| DATE | EVENT |
|---|---|
| 40 days after last day to request exclusion from the Settlement or as soon thereafter as the matter may be heard by the Court | Final Fairness Hearing |
| Proof of Claim deadline | 90 days after Final Approval Order |

Dated: August 8, 2023

Respectfully submitted,

/s/ *Gerard Mantese*
Gerard V. Mantese
(Michigan Bar No. P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

***Interim Liaison Counsel for Dealership Plaintiffs***

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Jonathan W. Cuneo
**CUNEO, GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834-2628
donbarrettpa@gmail.com

**Interim Co-Lead Class Counsel for Dealership
Plaintiffs**


## CERTIFICATE OF SERVICE

I, Gerard V. Mantese, hereby certify that I caused a true and correct copy of **Automobile Dealership Plaintiffs' Motion to Authorize Dissemination of Class Notice, and Conduct Hearing for Final Approval of Settlements and Application for Expenses and Attorneys' Fees with Memorandum in Support of Dealership Plaintiffs' Motion to Authorize Dissemination of Class Notice, to Conduct Hearing for Final Approval of Settlements, and for Application for Interim Expenses, Attorneys' Fees, and Service Awards** to be served via e-mail upon all registered counsel of record via the Court's CM/ECF system on August 8, 2023.

_/s/ Gerard V. Mantese_
Gerard V. Mantese